STEVEN J. PARSONS
Nevada Bar No. 363
LAW OFFICES OF STEVEN J. PARSONS
10091 Park Run Dr Ste 200
Las Vegas, NV 89145-8868
(702) 384-9900
(702) 384-5900 -- fax
steve@sjplawyer.com

Attorneys for Plaintiff
LINDO MICHOACAN, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LINDO MICHOACAN, INC. a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DIVINA BRANDS, LLC, a Nevada limited liability company,<br><br>Defendant. | **COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;**<br><br>**(2) FALSE DESIGNATION OF ORIGIN; and**<br><br>**(3) COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lindo Michoacan, Inc. ("Plaintiff"), by Steven J. Parsons, of LAW OFFICES OF STEVEN J. PARSONS, its attorney, brings this action and alleges against defendant Divina Brands, LLC, a Nevada limited liability company ("Defendant"):

## JURISDICTION AND VENUE

1. This is an action for trademark infringement, unfair competition and false designation of origin. Plaintiff's claims stem from Defendant's willful use of trademarks and symbols, and misleading descriptions of fact, that are likely to cause confusion not only with Plaintiff's registered and common law trademarks, but also cause confusion as to Plaintiff's affiliation, connection or endorsement of

Defendant and its restaurant. By this action, Plaintiff seeks damages and injunctive relief against Defendant.

2. This Court has subject matter jurisdiction over this matter pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq.

3. This Court has personal jurisdiction over Defendant insofar as Defendant is a Nevada limited liability company with a principal place of business located in this judicial district.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein, including the likelihood of consumer confusion alleged herein, have occurred in this judicial district. Venue is also proper in this Court due to Defendant being subject to personal jurisdiction in this Court.

## THE PARTIES

5. Plaintiff is a corporation organized and existing under the laws of Nevada, having a business address of 2655 East Desert Inn Road, Las Vegas, Nevada 89121.

6. Plaintiff is informed, and based thereon alleges, that Defendant is a Nevada limited liability company having a business address located at 7870 West Tropical Parkway, Las Vegas, Nevada 89149. Plaintiff is informed, and based therein alleges, that Defendant operates a restaurant in this judicial district. Plaintiff is informed, and based therein alleges, and that all acts within the dispute happened substantially within this judicial district.

## PLAINTIFF'S LINDO MICHOACAN BRAND

7. Since 1990, Plaintiff has operated restaurants under the names LINDO MICHOACAN and LINDO MICHOACAN GOURMET MEXICAN CUISINE and variants and derivatives thereof. What started as a single restaurant with twelve tables in 1990 has now grown into four successful restaurants located in Las Vegas and Henderson, Clark County, Nevada.

8. Plaintiff owns and uses numerous trademarks in connection with the operation of its restaurants, including:

(a) LINDO MICHOACAN. United States Trademark Registration No. 2913220, issued December 21, 2004. This registration covers restaurant services in International Class 043.

(b) United States Trademark Registration No. 2916400, issued January 4, 2005. This registration covers restaurant services in International Class 043.

(c) WE TAKE OUR COOKING SERIOUSLY. United States Trademark Registration No. 4342370, issued May 28, 2013. This registration covers catering services; restaurant services, take-out restaurant services in International Class 043.

(d) SAVE WATER DRINK MARGARITAS. United States Trademark Registration No. 4342373, issued May 28, 2013. This registration covers bar services; serving food and drinks; tavern services in International Class 043.



(e) United States Trademark Registration No. 6223052, issued December 15, 2020. This registration covers restaurant services; restaurant and bar services, including restaurant carryout services; restaurants featuring home delivery in International Class 043.

9. In addition to its federally registered rights, Plaintiff owns common law rights in the aforementioned marks and in the LINDO MICHOACAN GOURMET MEXICAN CUISINE Mark in connection with the operation of its

restaurants. (Plaintiff's registered trademarks together with its common law rights, collectively, the "LINDO MICHOACAN MARKS.")

10. The driving force because Plaintiff's restaurants and the LINDO MICHOACAN restaurants and brand is Javier Barajas, the owner and chef of the Lindo Michoacan family of restaurants. Mr. Barajas and the Lindo Michoacan family of restaurants are known throughout Nevada and the United States.

11. The menu at Plaintiff's restaurants includes a section entitled "Recommended by Javier" which features dishes recommended by Mr. Barajas. A picture of Mr. Barajas is included in the menu and ensures that every customer who visits one of Plaintiff's restaurants views Mr. Barajas' name and image and comes to associate him with the LINDO MICHOACAN brand and restaurants.

12. Since their first usage, the LINDO MICHOACAN MARKS have been used extensively in connection with Plaintiff's restaurants, including but not limited to uses on signage, various in-restaurant items, merchandise, websites and social media accounts. Examples of Plaintiff's use of its LINDO MICHOACAN MARKS include:



Restaurant Signage



Restaurant Signage



Menu


Menu


Drink Coaster


Menu


Website



Merchandise



Social media

13. In addition to the LINDO MICHOACAN MARKS, the menu featured at Plaintiff's LINDO MICHOACAN restaurants is unique and sets it apart from other competing restaurants. In addition to featuring distinctive and unique names for many items found on its menu, and for a significant period of time boasted of its 32 lunch specials that it offered.

14. Plaintiff's LINDO MICHOACAN MARKS are valid and subsisting.

15. Plaintiff's use of the LINDO MICHOACAN MARKS has been continuous since their respective first usage thereof in connection with their respective services.

16. Through Plaintiff's use of its LINDO MICHOACAN MARKS, consumers recognize Plaintiff as a source for first quality Mexican cuisine and restaurant services.

17. Plaintiff's LINDO MICHOACAN restaurants have received numerous awards, accolades and favorable media attention since opening its doors.  Plaintiff's restaurants are routinely ranked amount the best restaurants in Las Vegas. The

website "EATER Las Vegas" has called Plaintiff's restaurant one of "The Essential Mexican Restaurants of Las Vegas" and included it among "20 Classic Restaurants and Bars Every Las Vegan Must Try." Plaintiff's restaurant is featured on the Food Network's Top Places to Eat list and is listed by USA TODAY as a Top Ten Mexican Restaurant in Las Vegas. Plaintiff's LINDO MICHOACAN restaurant received nationwide media exposure when President Joe Biden visited the restaurant on July 17, 2024.

18. Plaintiff has carefully monitored and preserved the manner in which its LINDO MICHOACAN MARKS are used and has gone to great lengths in its advertising and promotion to convey that the services offered under the LINDO MICHOACAN MARKS adhere to the highest standards of quality and excellence. As a result of these efforts, Plaintiff's LINDO MICHOACAN MARKS and brand have achieved a strong reputation and immeasurable goodwill.

**DEFENDANT'S INFRINGING CONDUCT**

19. At one point in time, a Lindo Michoacan restaurant located at 7870 West Tropical Parkway, Las Vegas, Nevada was among the family of Lindo Michoacan locations ("Lindo Michoacan Centennial"). The Lindo Michoacan Centennial was operated by J & M United, LLC, of which Javier Barajas was the 50% owner.

20. In or about August 2011, Mr. Barajas sold his interest in J & M United, LLC to the other members of J & M United, LLC; Mark Berry ("Berry") and Preston H. Hubbs, with each becoming 50% members of J & M United, LLC following the sale.

21. As part of Mr. Barajas' sale of his interest in J & M United, LLC, Plaintiff, by and through Javier Barajas, granted J & M United, LLC a limited license to continue to use the LINDO MICHOACAN MARKS.

22. Pursuant to the limited license granted to J & M United, LLC, it was only permitted to use the LINDO MICHOACAN MARKS, and other intellectual

property and assets of Plaintiff and/or Mr. Barajas, so long as J & M United, LLC continued to operate the Lindo Michoacan Centennial location.

23. More specifically, J & M United, LLC's right to use the LINDO MICHOACAN MARKS existed only "until Berry sells his majority interest in [J & M United, LLC] or the restaurant in its entirety or the restaurant at its current location is closed, whichever occurs first."

24. Plaintiff is informed, and based thereon alleges, that on or about February 2023, J & M United, LLC transferred all rights in the restaurant located at 7870 West Tropical Parkway, Las Vegas, Nevada to Defendant.

25. Given the terms of the August 2011 license, the transfer of the restaurant located at 7870 West Tropical Parkway, Las Vegas, Nevada to Defendant immediately terminated any prior permission given by Plaintiff to use the LINDO MICHOACAN MARKS in connection with that restaurant.

26. Notwithstanding the fact that Defendant was not authorized to use the LINDO MICHOACAN MARKS following its acquisition of the restaurant located at 7870 West Tropical Parkway, Las Vegas, Nevada, Defendant continued to use the LINDO MICHOACAN MARKS, and marks identical or virtually identical thereto ("INFRINGING MARKS") without the consent or authorization of Plaintiff.

27. Defendant's restaurant is named MICHOACAN, and uses the same typeface as is used by Plaintiff in connection with its LINDO MICHOACAN Mark. Defendant is using the INFRINGING MARKS in various other ways in connection with the operation of the restaurant located at 7870 West Tropical Parkway, Las Vegas, Nevada as well, including using the INFRINGING MARKS on signage, its menus, website, in its restaurant and on social media. Below are examples of Defendant's infringing uses:


Signage


Website


Gift card

11
**COMPLAINT**



**Michoacán Gourmet Mexican Restaurant**
Social Media



Social Media

28. The INFRINGING MARKS include not only the same words and imagery as the LINDO MICHOACAN MARKS, but the same distinct typeface and font as well.

29. Defendant also uses the same unique and distinctive names used by Plaintiff for its menu items and (in another instance of attempting to confuse consumers as to its affiliation or association with Plaintiff boasts of its "32 Lunch Specials, Just for You!"

30. Defendant's use of the INFRINGING MARKS has continued despite demands that such use immediately cease.

31. Defendant's usage of the INFRINGING MARKS began well after Plaintiff's first use of its LINDO MICHOACAN MARKS and the issuance of the trademark registrations referenced herein.

32. Defendant's use of the INFRINGING MARKS has caused, and will continue to cause, a likelihood of confusion among consumers who will mistakenly believe that Defendant, or the restaurant it operates at 7870 West Tropical Parkway, Las Vegas, Nevada is affiliated with, sponsored by or approved by the Plaintiff.

33. The likelihood of confusion among consumers related to Defendant's use of the INFRINGING MARKS is heightened due to the identical nature of the services offered by Defendant as compared to Plaintiff's uses.

34. Plaintiff is aware of some consumers already being confused as to the association or affiliation of Defendant's restaurant with Plaintiff's family of restaurants.

35. Plaintiff is informed, and based thereon alleges, that Defendant was fully aware of Plaintiff's LINDO MICHOACAN MARKS and brand when it engaged (and continued to engage) in the use of the INFRINGING MARKS and was also aware of the likelihood of consumer confusion brought about by its acts of infringement.  Notwithstanding that knowledge, Defendant intentionally and willfully undertook the acts alleged herein.

36. Plaintiff is informed, and based therein alleges, that at all relevant times, Defendant was on actual and constructive notice of Plaintiff's prior rights in and to the LINDO MICHOACAN MARKS, and willfully and intentionally infringed on Plaintiff's rights in order to trade on Plaintiff's valuable goodwill.

37. Defendant's intentional and willful conduct is further evidenced by its refusal to cease all use of the INFRINGING MARKS despite demand to do so.

38. Defendant is not authorized, and has never been authorized, to use the LINDO MICHOACAN MARKS or the INFRINGING MARKS, or any marks similar thereto, in connection with promotion or offering of Defendant's services.

39. Defendant's continued, willful and unauthorized use of the INFRINGING MARKS will not only continue to cause confusion in the marketplace, but will result in significant harm and damage to Plaintiff.

# COUNT I

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

### (LANHAM ACT - 15 U.S.C. §§ 1114 & 1125, ET SEQ.)

40. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 39 as if fully set forth herein

41. Plaintiff uses its LINDO MICHOACAN MARKS in connection with the operation of its family of restaurants.

42. Plaintiff is informed, and on that basis alleges, that Defendant was fully aware and had actual notice, in addition to the constructive notice associated with Plaintiff's Registrations, of Plaintiff's rights in its LINDO MICHOACAN MARKS, and Plaintiff's rights therein.

43. Despite the foregoing knowledge, Defendant is using the INFRINGING MARKS.

44. Defendant's unauthorized use of INFRINGING MARKS is willful, intentional and intended to trade off of Plaintiff's goodwill.

45. Defendant's continued use of the INFRINGING MARKS in connection with the operation of a restaurant that directly competes with Plaintiff's restaurants is likely to cause confusion in the marketplace, cause mistake, or deceive consumers into believing that a relationship or affiliation exists between Plaintiff and Defendant, or that Plaintiff authorizes, approves or sponsors Defendant's restaurant.

46. By virtue of its knowledge of Plaintiff and its LINDO MICHOACAN MARKS, Defendant's continued infringement is willful, intentional, and undertaken without regard for the harm that such infringement would cause Plaintiff.

47. Plaintiff is informed, and based thereon alleges, that unless restrained, Defendant will continue the acts complained of herein, all to Plaintiff's irreparable damage. It will be extremely difficult to ascertain the amount of compensation that

would afford Plaintiff adequate relief therefor, and unless Defendant is preliminarily and permanently enjoined from using the INFRINGING MARKS and any marks that are likely to cause confusion with Plaintiff's LINDO MICHOACAN MARKS, Plaintiff will be irreparably damaged.

## COUNT II
## FALSE DESIGNATION OF ORIGIN

48. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49. In connection with the Defendant's operation of its restaurant, Defendant utilizes false designations of origin, false and misleading descriptions of fact related to the source of the services being offered and sold and their association with the Plaintiff and other symbols that draw a false connection between Plaintiff and Defendant.

50. Defendant's use of symbols, false designations of origin and false and misleading descriptions of fact related to the origins of its restaurant, how long it has been operating and its connection with Plaintiff and Javier Barajas is likely to cause confusion and to deceive consumers as to the origin, sponsorship, affiliation, connection or association of Defendant with Plaintiff.

51. Defendant's use of symbols, false designations of origin and false and misleading descriptions of fact appear in Defendant's restaurant, on its website and social media accounts and on its menu.

52. In addition to the use of the INFRINGING MARKS, Defendant also makes misrepresentations on its menu as to how long Defendant's restaurant has been in business and its origins. These false descriptions of fact, which actually reflect the history and origin of Plaintiff's restaurant, increase the likelihood of confusion among consumers.

53. In addition, there is a mural in Defendant's restaurant (featured prominently on the wall behind the bar, that includes a caricature representation of Javier Barajas (and Berry)[1]:



54. The use of the foregoing image is likely to cause confusion as to whether Plaintiff (and Javier Barajas) sponsors or is affiliated, connected or endorsed by Plaintiff and/or Mr. Barajas.

55. By reason of the foregoing, Defendant is liable to Plaintiff for: (a) an amount representing Plaintiff's damages; (b) Defendant's profits; (c) reasonable attorneys' fees and costs, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT

56. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57. Plaintiff uses the LINDO MICHOACAN MARKS to conduct its business and to operate its family of restaurants.

58. Plaintiff's use of its LINDO MICHOACAN MARKS is nationwide, as Plaintiff's services are marketed and offered to consumers across the United States.

---

[1] A photo of the caricature is also featured on the homepage of Defendant's website: www.michoacanlv.com.

59. Plaintiff is informed, and based thereon alleges, that Defendant had actual and constructive notice of Plaintiff, Plaintiff's LINDO MICHOACAN MARKS and Plaintiff's rights therein before undertaking the acts complained of herein.

60. Defendant's use of the INFRINGING MARKS in connection with the promotion, advertising and operation of its competing restaurant is likely to cause confusion in the marketplace, cause mistake or deceive consumers into believing that Defendant is associated with Plaintiff, or that Defendant's restaurant is endorsed by, or sponsored, approved or affiliated with, Defendant.

61. Defendant's ongoing use of the INFRINGING MARKS constitutes an act of intentional and willful infringement.

62. Plaintiff seeks damages from this Court on the grounds that Defendant has infringed, and continues to infringe, on the LINDO MICHOACAN MARKS.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendant as follows:

1. Finding that Defendant has: (1) infringed Plaintiff's trademark rights under 15 U.S.C. § 1114, and the common law; and (2) committed acts that constitute a false designation of origin as to Defendant's restaurant and operations.

2. Ordering that Defendant and its subsidiaries, officers, agents, directors, servants, employees, partners, representatives, licensees, related companies, assigns, and attorneys, and all persons in active concert or participation with Defendant or with any of the foregoing be enjoined, on a worldwide basis, from:

(a) Advertising, promoting or offering any services using the INFRINGING MARKS, or any other, name, symbol, or logo that is a reproduction, counterfeit, copy, or colorable imitation of, incorporates or is confusingly similar to, or is substantially indistinguishable from the LINDO MICHOACAN MARKS;

17
**COMPLAINT**

        (b)    Selling, advertising, or publicizing any services under the INFRINGING MARKS, or any other mark, name, symbol, or logo that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendant's business or services are sponsored or endorsed by Plaintiff, is authorized by Plaintiff, or is connected in some way with Plaintiff or the LINDO MICHOACAN MARKS;

        (c)    Falsely implying Plaintiff's endorsement of, sponsorship of, or affiliation with Defendant's services or business, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Plaintiff and from otherwise interfering with, or injuring, the Plaintiff's LINDO MICHOACAN MARKS, or the goodwill associated therewith;

        (d)    Engaging in any act that infringes, dilutes or tarnishes the distinctive quality of Plaintiff's LINDO MICHOACAN MARKS;

        (e)    Engaging in any act that injures, or is likely to injure, Plaintiff's business reputation;

        (f)    Representing or implying that Defendant is in any way sponsored by, affiliated with, or endorsed or licensed by Plaintiff;

        (g)    Knowingly assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to 2(f) above.

        3.    Ordering that Defendant be required to deliver to Plaintiff for destruction all advertisements, promotional materials, or other collateral that contain or feature the infringing copy of the INFRINGING MARKS, Plaintiff's LINDO MICHOACAN MARKS, the mural depicted herein, and any other trademarks, names or logos, that are a counterfeit, copy, or colorable imitation of, confusingly similar to, or substantially indistinguishable from the LINDO MICHOACAN MARKS, as permitted under the Lanham Act, 15 U.S.C. § 1118;

4.      Granting an award of damages to Plaintiff, as a result of Defendant's infringement of the LINDO MICHOACAN MARKS, as permitted under the Lanham Act, 15 U.S.C. §§ 1114; 1116; 1117(a); 1117(c); 1125 *et seq*., and according to proof at the time of trial.

5.      Granting an award of three times the amount of damages and increased profits pursuant to 15 U.S.C. § 1117(b) for Defendant's infringement of the LINDO MICHOACAN MARKS.

6.      Granting an award of punitive damages for the willful and wanton nature of Defendant's infringement of the LINDO MICHOACAN MARKS.

7.      Granting an award of Plaintiff's costs, expenses, and reasonable attorneys' fees.

8.      Granting an award of pre-judgment interest.

9.      Granting such other and further relief as is just and proper.

Dated:  August 21, 2024                     LAW OFFICES OF STEVEN J. PARSONS

/s/ *Steven J. Parsons*
Steven J. Parsons
Nevada Bar No. 363

Attorney for Plaintiff
LINDO MICHOACAN, INC.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues in the Complaint that are triable by jury.

Dated:  August 21, 2024                     LAW OFFICES OF STEVEN J. PARSONS

/s/ *Steven J. Parsons*
Steven J. Parsons
Nevada Bar No. 363

Attorney for Plaintiff
LINDO MICHOACAN, INC.